UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL   'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Dennis Price | Jesus Garcia, Pro Se  Faviola Garcia, Pro Se | |

**Proceedings:**   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Filed July 20, 2016, Dkt. 28)

## I.   INTRODUCTION

On September 29, 2015, Samuel Love ("plaintiff") filed a complaint against Jesus Garcia, Faviola Garcia, and Does 1-10 (collectively "defendants") asserting claims for violations of (1) the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. § 12101, et seq. and (2) California's Unruh Civil Rights Act ("Unruh Act"), pursuant to California Civil Code Section 51, et seq. The gravamen of plaintiff's complaint is that defendants' business lacks a parking space that complies with the ADA Accessibility Guidelines because the slope of defendants' reserved parking space for persons with disabilities and the accompanying access aisle to the store exceeds 4%.

On July 20, 2016, defendants filed a motion for summary judgment with respect to plaintiff's ADA claim. Dkt. 28. On August 9, 2016, plaintiff filed an opposition. Dkt. 31. On August 16, 2016, defendants filed a reply. Dkt. 32.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff is a paraplegic man who uses a wheelchair for mobility. Compl. ¶ 1. Defendants own a business, Chuy's Market ("the Market"), located at 9787 Mission Blvd. in Riverside, California. Id. ¶ 4. Plaintiff alleges that he visited the Market in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-02004-CAS (SPx) | Date | September 26, 2016 |
| Title | SAMUEL LOVE V. JESUS GARCIA, ET AL. | | |

November 2013 and September 2015 and that the Market offers parking spots for patrons. Id. ¶ 9. Plaintiff alleges that in November 2013, there were not marked parking spaces for persons with disabilities, but that in September 2015, defendants had marked and reserved a space for persons with disabilities in front of the Market. Id. ¶ 13-14. Plaintiff alleges that, in September 2015, the slope of the reserved parking space exceeded 4% and that the slope therefore exceeded the ADA Accessibility Guidelines. Id. ¶ 15.

Plaintiff is unable to use parking spaces with excessive slopes because his wheelchair rolls away from him while he is exiting his vehicle. Id. ¶ 16. Plaintiff alleges that he lives 30 minutes from the Market and would like to return, but is deterred from visiting because of ADA violations. Id. ¶ 19-20. Plaintiff alleges that there may be other barriers on the site and seeks to have all barriers related to his disability remedied. Id. ¶ 23.

In support of their summary judgment motion, defendants, acting pro se, have submitted a number of exhibits they argue entitle them to summary judgment. Although plaintiff argues defendants' submissions do not entitle them to summary judgment, plaintiff has not filed any declaration, affidavit, or other evidence disputing defendants' evidentiary claims. Accordingly, the following facts appear undisputed.

On July 25, 2015, J. Garcia contacted Jason James, a Certified Access Specialist ("CASp"), and requested that James conduct an accessibility inspection of the Market. James Decl. ¶ 2. On August 26, 2016, J. Garcia hired James to identify any potential ADA accessibility deficiencies and make recommendations for corrections. Id. ¶ 3. Before plaintiff initiated this case, James conducted a site inspection and concluded that the reserved parking space exceeded the maximum permissible slope. Id. ¶ 7.

On December 19, 2015, James conducted a follow up inspection, during which James determined that the parking lot slope was now in compliance with the ADA. Id. ¶ 10. James wrote a report ("the CASp report") after his final inspection, documenting the remedial measures he had suggested and investigated. Id. Defendants have also submitted the CASp report. James Decl. Ex. 2.

The CASp report includes a "Barrier Removal List," documenting James's recommendations and defendants' renovations to the Market. Although at the time of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-02004-CAS (SPx) | Date | September 26, 2016 |
| Title | SAMUEL LOVE V. JESUS GARCIA, ET AL. | | |

filing of the complaint, defendants' reserved parking spot was in front of the Market, the CASp report notes that defendants relocated their reserved parking spot for persons with disabilities to the side of the Market. Ex. 2 at 2. The CASp report includes images of the parking spot, with a tape measure and level at various locations in and around the parking spot. Id. The CASp report also notes that a "new concrete pathway has been placed, providing a slope of less than 2% all the way to the building's entry landing." Id. at 3. It also includes imagery of a newly installed interior checkout counter, which measures 34 inches tall. Id. at 4. Based on the foregoing, James concluded that the building meets applicable accessibility standards "as set forth in the California Building Code and the ADA." Id. at 5.

### III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-02004-CAS (SPx) | Date | September 26, 2016 |
| Title | SAMUEL LOVE V. JESUS GARCIA, ET AL. | | |

party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. ANALYSIS

### A. Plaintiff's ADA Claim

Defendants seek summary judgment with respect to plaintiff's ADA claim. "Damages are not recoverable under Title III of the ADA — only injunctive relief is available for violations of Title III." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002). Accordingly, plaintiff "must demonstrate a real and immediate threat of repeated injury in the future." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation omitted).

In this case, it is the defendants' initial burden, as the moving party, to cite relevant portions of the record that demonstrate plaintiff cannot succeed in his ADA claim as a matter of law. Defendants argue that they are entitled to summary judgment because they now offer a parking space with a slope that is ADA-complaint. Therefore, defendants argue, plaintiff is no longer entitled to injunctive relief, the only remedy available pursuant to the ADA.

Plaintiff's claim is that the slope of defendants' reserved parking spot exceeds ADA standards and does not permit him to transfer from his vehicle to his wheelchair. The ADA requires that facilities altered after January 26, 1992, "be altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.151(b)(1). Defendants' alterations are subject to the 2010 ADA Standards for Accessible Design ("2010 Standards"). See 28 C.F.R. § 35.151(c)(5)(I). The 2010 Standards require that accessible parking spots have an access aisle connecting the parking spots to an accessible entrance. 2010 Standards § 502.3. Furthermore, parking spots and access aisles are required to be nearly level and their slope shall not exceed 2.08%. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles. The exception allows sufficient slope for drainage." Id., advisory note.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA, ET AL. | | |

Defendants have satisfied their initial burden of demonstrating compliance with the aforementioned standards. Defendants appear to have moved their reserved parking spot from its location when plaintiff initiated this case. In support of their motion, defendants present evidence that a Certified Accessibility Specialist has inspected the Market's newly reserved parking spot, used a level to measure the slope of the reserved parking spot, and determined the slope to be below 2%. The parking spot appears to be connected to an access aisle "providing a slope of less than 2% all the way to the building's entry." James Decl. Ex. 2 at 3.

Plaintiff argues that the Court should not consider the CASp report because it is an improper expert opinion regarding whether or not the Market complies with the ADA's standards. Plaintiff argues that any such conclusion is a legal opinion that must be supported by facts and subject to Daubert. See Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). However, the CASp report offers specific facts supporting James's conclusion. For instance, the CASp report offers visual evidence, numerous pictures, of what appears to be a nearly level parking spot being measured at various angles with a construction leveling tool. Furthermore, the CASp report notes the results of those measurements as "providing a slope of less than 2% all the way to the building's entry." Plaintiff does not argue that the measurements themselves require an expert or that James's apparent use of a construction level to measure the parking spot and access aisle slopes was incorrect. Accordingly, the CASp report is sufficient to satisfy defendants' initial burden of demonstrating that there is no longer a risk of repeated injury in the future such that plaintiff would be entitled to injunctive relief.

Because defendants have satisfied their initial burden as the moving party, the burden shifts to plaintiff to demonstrate a genuine dispute regarding defendants' compliance with the ADA. Plaintiff does not direct the Court to any evidence or other portion of the record which creates a material issue of disputed fact. Plaintiff has not submitted any other evidence, affidavit, or declaration which challenges the measurements taken by James at the Market. Nor does plaintiff argue that he requires additional time to acquire evidence in support of his ADA claim.[1] Accordingly,

---

[1] The Court set January 9, 2017, as the factual discovery cutoff for the parties. Dkt. 27. It appears that plaintiff scheduled a site inspection for August 22, 2016, after the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-02004-CAS (SPx) | Date | September 26, 2016 |
| Title | SAMUEL LOVE V. JESUS GARCIA, ET AL. | | |

defendants are entitled to summary judgment with respect to plaintiff's ADA claim. Defendants' motion for summary judgment with respect to plaintiff's ADA claim is therefore **GRANTED**.

### B.     Supplemental Jurisdiction

This Court has original jurisdiction over plaintiff's ADA claim. See 28 U.S.C. § 1331. Accordingly, the Court has supplemental jurisdiction over plaintiff's Unruh Act claim because it forms "part of the same case or controversy" as plaintiff's ADA claim. See 28 U.S.C. § 1367(a). Defendants argue that the Unruh Act claim must be dismissed because, having granted summary judgment on the ADA claim, the Court is now deprived of jurisdiction over plaintiff's state law claim. Defendants are incorrect. A district court "*may* decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(4) (emphasis added). Accordingly, the Court is not required to dismiss plaintiff's state law claim. The district court's decision whether to exercise supplemental jurisdiction is informed by whether exercising jurisdiction over the pendent state law claim comports with the values of economy, convenience, fairness, and comity. Grove v. De La Cruz, 407 F.Supp.2d 1126, 1131 (C.D.Cal.2005) (citing Executive Software N. Am. v. U.S.D.C. Cent. Dist., 24 F.3d 1545, 1557 (9th Cir.1994)).

The Court finds that these values are best served by the exercise of supplemental jurisdiction over plaintiff's remaining Unruh Act claim. This case was originally filed before this Court. The substance of plaintiff's remaining claim overlaps substantially with plaintiff's ADA claim, although the available remedies differ. The Court is already familiar with the parties and the substance of plaintiff's remaining claim. Accordingly, economy, convenience, fairness, and comity are best served by the exercise of supplemental jurisdiction over plaintiff's Unruh Act claim rather than dismissal, which would require that plaintiff refile his case in state court in order to seek a remedy.

---

parties' completed their briefing of this motion. Oppo. at 4. However, plaintiff appears to have had ample time since the scheduled site inspection to either present evidence or seek more time to demonstrate a material issue of disputed fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | September 26, 2016 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA, ET AL. | | |

## V. CONCLUSION

Defendants' motion for summary judgment with respect to plaintiff's first claim is **GRANTED**. Defendants' request that the Court dismiss plaintiff's second claim is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |