UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 5:15-cv-02004-CAS(SPx) | Date | February 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE v. JESUS GARCIA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF SAMUEL LOVE'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 37, filed January 13, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of February 13, 2017 is vacated, and the matter is hereby taken under submission.

## I.  INTRODUCTION

On September 29, 2015, plaintiff Samuel Love filed a complaint against Jesus Garcia, Faviola I. Garcia, and Does 1–10 (collectively "defendants") asserting claims for violations of (1) the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. § 12101 et seq. and (2) California's Unruh Civil Rights Act ("Unruh Act"), pursuant to California Civil Code § 51 et seq. Dkt. 1 ("Compl."). The gravamen of plaintiff's complaint is that defendants' business lacks a parking space that complies with the ADA Accessibility Guidelines because the slope of defendants' reserved parking space for persons with disabilities and the accompanying access aisle to the store exceeds four percent.

On September 26, 2016, the Court granted defendants' motion for summary judgment with respect to plaintiff's ADA claim because defendants presented evidence demonstrating that they had altered their facilities to comply with the ADA. Dkt. 34. The Court decided to exercise its supplemental jurisdiction over plaintiff's remaining Unruh Act claim. Id. at 6.

On January 13, 2017, plaintiff filed a motion for summary judgment with respect to his Unruh Act claim. Dkt. 37-1 ("MSJ"). On January 27, 2017, defendants filed their opposition. Dkt. 39 ("Opp'n"). On January 31, 2017, plaintiff filed his reply. Dkt. 40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:15-cv-02004-CAS(SPx) | Date | February 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE v. JESUS GARCIA ET AL. | | |

## II. BACKGROUND

The parties do not dispute that plaintiff is a paraplegic who uses a wheelchair for mobility. Dkt. 39-1, Defendants' Statement of Undisputed Facts ("Defs. SUF") No. 1. The parties also agree that Jesus Garcia and Faviola I. Garcia are the real property and business owners of Chuy's Market ("the Market"), a place of public accommodation located at 9787 Mission Boulevard, Riverside, California. Id. Nos. 3–5.

Plaintiff contends that he visited the Market on November 7, 2013 to purchase drinks. MSJ at 1. Plaintiff asserts that in November 2013, there were no marked parking spaces for persons with disabilities, no parking space with an adjacent access aisle, and no signage indicating disabled parking. Id. Plaintiff avers that he has had bad experiences in the past when he has parked in a space without an access aisle. Id. at 2. Plaintiff states that he was deterred from visiting the Market due to a lack of an accessible parking space. Id. Plaintiff contends that he returned to the Market in September 2015 and found a parking space for use by persons with disabilities. Id. However, when plaintiff attempted to assemble his wheel chair, he realized the space and access aisle had excessive slopes because the wheelchair rolled away from him. Id. As a result, plaintiff asserts that he was again deterred from visiting the Market. Id. Plaintiff supports these contentions by submitting a declaration in which he sets forth these facts. See generally dkt. 37-2, Plaintiff's Statement of Undisputed Facts ("Pl. SUF") (citing dkt. 37-5, Love Decl.).

## III. LEGAL STANDARDS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 5:15-cv-02004-CAS(SPx) | Date | February 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE v. JESUS GARCIA ET AL. | | |

888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

      In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**IV.**     **DISCUSSION**

       **A.**     **Motion for Summary Judgment**

      Plaintiff seeks summary judgment with respect to his Unruh Act claim because he has introduced evidence showing that: (1) he is disabled within the meaning of the ADA; (2) defendants own and operate the Market, which is a place of public accommodation; and (3) plaintiff was denied public accommodation because of his disability. See MSJ at 3–9; Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc., 603 F.3d 666, 670 (9th Cir. 2010). A violation of the ADA constitutes a violation of the Unruh Act. See Cal. Civ. Code § 51(f).

      Defendants argue that plaintiff has failed to support his factual allegations with any evidence. Opp'n at 8. Defendants also generally contest plaintiff's credibility. Id. at 9–11. In particular, defendants dispute that plaintiff ever visited the Market. Id. 9–12. Jesus Garcia, who works at the Market seven days each week, has stated that he does not recall anyone who uses a wheelchair attempting to visit the Market on the dates that plaintiff alleges that he visited. Id.; dkt. 39-4 ("Garcia Decl.") ¶ 7. Defendants also dispute that plaintiff had any intention of visiting the Market—which is more than 30 miles from plaintiff's home and whose products are sold at higher prices than those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:15-cv-02004-CAS(SPx) | Date | February 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE v. JESUS GARCIA ET AL. | | |

offered by nearby markets. Opp'n at 11; Garcia Decl. ¶ 6. Defendants contend that plaintiff could have obtained drinks from one of three gas stations on plaintiff's likely route to the Market. Opp'n at 11–12. As a result, defendants argue that plaintiff was not deterred from entering the Market because he had no intention of visiting in the first place. Id. at 13.

The Court finds that there remain disputed questions of material fact with respect to plaintiff's Unruh Act claim. Namely, there is a genuine dispute as to whether plaintiff actually visited the Market and whether plaintiff intended to enter the Market. The resolution of these questions turns on the credibility of the parties. "The Court, however, may not weigh credibility in summary judgment proceedings." Hernandez v. Polanco Enterprises, Inc., 19 F. Supp. 3d 918, 935 (N.D. Cal. 2013); see SEC v. Koracorp Indus., Inc., 575 F.2d 692, 699 (9th Cir. 1978) ("The courts have long recognized that summary judgment is singularly inappropriate where credibility is at issue. Only after an evidentiary hearing or a full trial can these credibility issues be appropriately resolved."). As a result, the Court concludes that it cannot resolve plaintiff's Unruh Act claim on the record before it. The Court therefore **DENIES** plaintiff's motion for partial summary judgment.

### B.    Article III Standing

Defendants assert that plaintiff lacked standing to bring his ADA claim. Opp'n at 15. As a result, defendants argue that the Court lacks the authority to exercise supplemental jurisdiction over plaintiff's Unruh Act claim and request that the Court dismiss the claim.[1] Id. at 15, 19. Plaintiff argues that he need not satisfy the standing requirements of the ADA because the only claim now before the Court is plaintiff's Unruh Act claim for statutory damages. Reply at 5.

Defendants are correct in asserting that, if plaintiff lacked standing to bring his claim under the ADA, the Court lacked original jurisdiction in this case and may not exercise supplemental jurisdiction over plaintiff's state law claim. If a plaintiff lacks

---

[1] Defendants' request that the Court dismiss plaintiff's Unruh Act claim is in the nature of a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Accordingly, the Court applies the Rule 12(b)(1) standards to this request. Namely, when deciding a Rule 12(b)(1) motion, the court construes all factual disputes in favor of the non-moving party. See Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:15-cv-02004-CAS(SPx) | Date | February 7, 2017 |
| Title | SAMUEL LOVE v. JESUS GARCIA ET AL. | | |

standing under Article III of the U.S. Constitution, then the Court lacks subject matter jurisdiction, and the case must be dismissed. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998). "Standing is a threshold matter central to our subject matter jurisdiction." Bates v. United Parcel Service. Inc., 511 F.3d 974, 985 (9th Cir. 2007). "[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing." Bernhardt v. Cty. of Los Angeles, 279 F.3d 862, 868 (9th Cir. 2002) (quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ( "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

A plaintiff must demonstrate three elements that constitute the "irreducible minimum" of Article III standing:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citations and quotation marks omitted). "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010). A plaintiff is only entitled to injunctive relief if she can demonstrate a "real or immediate threat" that she will be subject to the alleged illegal conduct again. City of Los Angeles v. Lyons, 461 U.S. 95, 96 (1983).

Defendants argue that: (1) plaintiff did not suffer an injury in fact, because defendants dispute that plaintiff ever visited the Market; (2) plaintiff has failed to show a threat of repeated injury that would have entitled him to injunctive relief under the ADA because plaintiff has not demonstrated the requisite intent to return to the Market; and (3) injunctive relief would not have redressed plaintiff's injuries because he visited the Market solely for litigation purposes. Opp'n at 16–19. The Court addresses defendants' arguments in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:15-cv-02004-CAS(SPx) | Date | February 7, 2017 |
| Title | SAMUEL LOVE v. JESUS GARCIA ET AL. | | |

First, as described above, the Court cannot determine whether plaintiff actually attempted to visit the Market on the basis of the current record. Therefore, the Court declines to find that plaintiff has failed to demonstrate an injury in fact.

Second, plaintiff need not articulate a specific intent to return to the Market to demonstrate a likelihood of future injury. The Ninth Circuit has held:

> Demonstrating an intent to return to a noncompliant accommodation is *but one way* for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there.

Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 949 (emphasis added). In other words, there are two paths toward demonstrating a likelihood of future injury under the ADA: (1) a showing that plaintiff "intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier[;]" or, (2) a showing that "discriminatory architectural barriers deter [plaintiff] from returning to a noncompliant accommodation." Id. at 950. Here, plaintiff alleges that he "would like to return and patronize the Market[,]" and that, "[g]iven its location and options, the Market is a business that [he] will continue to desire to patronize" but he is "deterred from visiting until the defendants cure the violations." Compl. ¶¶ 19, 33. In support of his motion for summary judgment, plaintiff states that he "would very much like the ability to safely and independently park and patronize the Market." Love Decl. ¶ 16. However, plaintiff contends that he was deterred from visiting the Market on two occasions as a result of defendants' non-compliant parking facilities. Id. ¶¶ 8, 13. Because plaintiff has pleaded and declared that the noncompliant accommodation had a deterrent effect, the Court concludes that—at the time of filing—plaintiff had a sufficient likelihood of imminent injury for the purposes of standing under the ADA. See Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1138 (9th Cir. 2002) ("Doran has visited Holiday's Paradise store in the past and states that he has actual knowledge of the barriers to access at that store. Doran also states that he prefers to shop at Holiday markets and that he would shop at the Paradise market if it were accessible. This is sufficient to establish actual or imminent injury for purposes of standing.").

Third, the Court notes that district courts disagree as to whether a plaintiff's motivation for visiting an accommodation is relevant to determining whether the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 5:15-cv-02004-CAS(SPx) | Date | February 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE v. JESUS GARCIA ET AL. | | |

has standing. Compare Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005) ("Mr. Molski's motivation for visiting Arby's again is not relevant to the legal issue before the Court. What is critical to the Court's inquiry is whether he has alleged he suffered discrimination and because of his intention to return, will suffer discrimination again in the future."); Molski v. Price, 224 F.R.D. 479, 483 (C.D. Cal. 2004) ("The Court can find no authority that suggests that, in order to have standing to assert an ADA Title III claim for injunctive relief, a plaintiff must possess an intention to return to the inaccessible public accommodation that is not motivated in any way by advancing his litigation against that public accommodation."); with Harris v. Stonecrest Care Auto Ctr., LLC, 472 F. Supp. 2d 1208, 1219 (S.D. Cal. 2007) ("A plaintiff who visits a local business solely in order to bring a Title III claim (to which supplemental state claims may be joined) fails to meet the redressability requirement for Article III standing. Where litigation is the only reason for a plaintiff's visit to a particular local establishment, once litigation is complete it is unlikely such a plaintiff will return to avail himself of the business' goods or services, or to visit the local business for any other reason." (citation omitted)). Nonetheless, construing factual disputes in favor of plaintiff, the Court cannot conclude that the only reason plaintiff visited the Market was to bring his ADA claim. Therefore, the Court declines to find that plaintiff has failed to demonstrate redressability.

Accordingly, the Court **DENIES** defendants' request that the Court dismiss plaintiff's claim for lack of standing.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion for partial summary judgment and **DENIES** defendants' request that the Court dismiss plaintiff's claim for lack of standing.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |