O

O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL LOVE<br><br>   Plaintiff,<br>  v.<br><br>JESUS GARCIA and FAVIOLA GARCIA<br><br>   Defendants. | Case Nos. 5:15-CV-02004 CAS (SPx)<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

## I. INTRODUCTION

On September 29, 2015, plaintiff Samuel Love filed a complaint against Jesus Garcia, Faviola I. Garcia, and Does 1–10 (collectively "defendants") asserting claims for violations of (1) the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA") and (2) California's Unruh Civil Rights Act, California Civil Code §§ 51 et seq. ("Unruh Act"). Dkt. 1 ("Compl."). The gravamen of plaintiff's complaint is that he visited defendants' business in both November 2013 and September 2015. During each visit, plaintiff alleges he was deterred from parking his vehicle and entering defendants' store because of barriers he encountered in defendants' parking lot.

-1-

On September 26, 2016, the Court concluded that defendants' business was, as of that date, ADA-compliant. Dkt. 34. Because the only remedy available pursuant to the ADA is injunctive relief, the Court granted summary judgment in favor of defendants with respect to plaintiff's ADA claim, but exercised supplemental jurisdiction over plaintiff's Unruh Act claim. Id.

The case proceeded to a bench trial on April 4, 2017. Although plaintiff's complaint alleged disability discrimination in both November 2013 and September 2015, Compl. ¶ 9, on the morning of trial, plaintiff elected to proceed only on the alleged November 2013 violation of the Unruh Act. The Court heard testimony from plaintiff, J. Garcia, and Jason James, a certified access specialist. The Court also heard argument from counsel. After considering the parties' arguments and the evidence introduced at trial, the Court finds and concludes as follows.

**II.     FINDINGS OF FACT**

1.     Samuel Love is a disabled man who cannot ambulate without a wheelchair. April 4, 2017 Transcript ("TR") at 12:15-19.

2.     Jesus Garcia and Faviola Garcia are, and were at all relevant times, the owners and operators of "Chuy's Market," a convenience store located at 9878 Mission Boulevard in Riverside, California. Id. 35:18-25.

3.     In November 2013, Love traveled from his home in Beaumont, California, to a residence in Riverside, California in order to purchase a vehicle part for a Jeep. Id. 24:8-25.

4.     After buying a Jeep part from a residence nearby, while traveling eastbound on Mission Boulevard, Love turned left onto the side street adjacent to Chuy's Market and then turned right into the Chuy's Market parking lot – intending to visit Chuy's Market. Id. 26:3-14.

5. After turning into the parking lot outside Chuy's Market, Love noticed that there were no parking spaces marked for the handicapped. Id. 13:17-25.

6. In November 2013, the parking lot outside Chuy's Market had no parking lines drawn on the pavement – it was a bare concrete lot running along the storefront and around the western wall of the building. Id. 14:17-15:18, Plaintiff's Exhibits 1–D & 1-E.

7. Love looked at the entire parking lot and could not identify any marked spaces for the disabled. Id. 13:20-23.

8. The lack of marked parking spaces for the handicapped caused Love some difficulty because he feared parking in a space that was not marked. Id. 13:16-17; 14:1-4. Because Love relies upon a wheelchair to ambulate, he requires additional space to enter and exit from the sides of his vehicle. Id. 14:1-4.

9. In the past, when Love has parked in spots that were not marked for the disabled, other cars have parked adjacent to Love's, effectively blocking Love from returning to his car and departing. Id. 14:5-16.

10. At some point after November 2013, defendants had stripes painted in the parking lot. The parking lot upgrades included new lines and a marked, van accessible handicapped parking space. Id. 54:7.

11. Love lives approximately a 30-minute drive from Chuy's Market. 24:2-5. Although Love is rarely in the area of Chuy's Market, Love would return to Chuy's Market if he were in the area. Id. 31:5-10. Love returned to Chuy's Market once in September 2015. Id. 22:24-25:1. As of April 4, 2017, Love had no definite intent to return to Chuy's Market. Id. 31:20-25.

//
//
//
//

### III. CONCLUSIONS OF LAW

#### A. Jurisdiction

1. As an initial matter, after the close of the evidence, defense counsel argued that this Court lacks authority to resolve plaintiff's Unruh Act claim because the Court never had subject matter jurisdiction over plaintiff's ADA claim. If the Court lacked subject matter jurisdiction over plaintiff's ADA claim at the time it was filed, then this Court could never have exercised supplemental jurisdiction over the Unruh Act claim. See 28 U.S.C. § 1367. Defendants contend that plaintiff never intended to return to Chuy's Market after November 2013, such that he has always lacked standing to assert a claim arising under the ADA.

2. Defendants' argument relies upon a particular question defense counsel asked at trial. At trial, defense counsel asked Love "[d]o you have any definite plans to return [to Chuy's Market]?" to which Love replied, "[n]ot to that market." TR 31:20-25. However, the foregoing does not inform whether this Court has jurisdiction over the Unruh Act claim. "The evidence relevant to the standing inquiry consists of the facts as they existed at the time the plaintiff filed the complaint." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1036 (9th Cir. 2008) (quotation marks omitted). Defense counsel elicited no testimony regarding plaintiff's intent to return at the time he filed his complaint. Furthermore, Love also testified that he might return if he were in the area. TR 31:5-6.

3. When subject matter jurisdiction is challenged based upon disputed facts, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990). This Court has already done so, ruling that it has jurisdiction because plaintiff was *deterred* from returning to Chuy's Market. See Dkt. 41 at 6 ("Because plaintiff has pleaded and declared that the noncompliant accommodation [at Chuy's Market] had a

-4-

deterrent effect, the Court concludes that—at the time of filing—plaintiff had a sufficient likelihood of imminent injury for the purposes of standing under the ADA"); Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 949 (9th Cir. 2011) (plaintiff may show Article III standing to assert an ADA claim by showing that "discriminatory architectural barriers deter [plaintiff] from returning to a noncompliant accommodation"). The Court has already weighed jurisdictional evidence and concluded that, at the time he filed his complaint, plaintiff had standing to allege a violation of the ADA. Plaintiff has now repeatedly attested and testified that he would return to the area near Chuy's Market and that he would return if he were in the area. Nothing elicited at trial causes the Court to reconsider its prior ruling.

### B. Plaintiff's Unruh Act Claim

4. The sole theory of liability plaintiff pursued at trial is that the absence of any marked and accessible handicapped parking spot at Chuy's Market in November 2013 constituted a violation of the Unruh Act.

5. The Unruh Act expressly incorporates ADA standards and any violation of the ADA is simultaneously a violation of the Unruh Act. Cal. Civ. Code § 51(f). To demonstrate a violation of the ADA, a plaintiff may show (1) that he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the plaintiff faced discrimination on the basis of disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

6. By proving that he relies upon a wheelchair to ambulate, plaintiff has demonstrated that he is disabled within the meaning of the ADA. 42 U.S.C. § 12102(1)(A). Chuy's Market, which defendants owned and operated, is a place of public accommodation. 42 U.S.C. § 12181. Accordingly, the only remaining issue is whether the lack of any marked parking at Chuy's Market constituted discrimination against plaintiff on the basis of his disability.

7. The ADA defines discrimination to include "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The failure to remove a barrier violating the ADA Accessibility Guidelines ("ADAAG"), which establishes standards relating to architectural barriers, constitutes discrimination under the ADA. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). ADAAG standards require, inter alia, that businesses provide at least one accessible parking spot with an adjacent access aisle. The parking spot must be marked with an International Symbol of Accessibility. The access aisle must be marked with a blue borderline and blue diagonal lines inside the border. The words "No Parking" must be painted on the access aisle in white letters at least twelve inches in height. Lozano v. C.A. Martinez Family Ltd. P'ship, 129 F. Supp. 3d 967, 972–73 (S.D. Cal. 2015).

8. Plaintiff established that, when he attempted to visit Chuy's Market in November 2013, he encountered an architectural barrier described by the ADAAG, namely the lack of a marked, handicapped parking space with an adjacent access aisle, which impaired his full and equal access to Chuy's Market. Furthermore, marking a handicapped parking space would have been readily achievable, as evidenced by the fact that defendants later did so. Thus plaintiff has proven that defendants violated the ADA. Because, as discussed above, any violation of the ADA is also a violation of the Unruh Act, plaintiff has proven all of the elements of his Unruh Act claim.

**C. Damages**

9. The Unruh Act permits an award of statutory damages in construction-related accessibility claims where "one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. Code § 55.56(a). A plaintiff is denied full and equal

access where they "personally encountered" a violation and "experienced difficulty, discomfort, or embarrassment because of the violation." Id. §§ 55.56(b)-(c).

10.  Love personally encountered the lack of marked, accessible parking spaces at Chuy's Market in that he visited the parking lot in November 2013 and could not locate a compliant parking space. Love experienced difficulty as a result of the violation because, despite his then-existing desire to do so, he chose not to patronize Chuy's Market out of fear that other cars might prevent him from returning to his car. Accordingly, plaintiff is entitled to statutory damages.

11.  The Unruh Act establishes a presumptive minimum amount of statutory damages of $4,000 for each occasion wherein plaintiff encountered a violation. Cal. Civ. Code § 52(a).[1] The Unruh Act also provides that anyone found to have discriminated against a disabled person is liable for "any attorney's fees that may be determined by the court." Id. Consequently, defendants are liable to plaintiff in the amount of $4,000 plus plaintiff's reasonable attorneys' fees.

12.  To the extent necessary, each of these conclusions of law may be deemed a finding of fact.

**IV. CONCLUSION**

Based on the above Findings of Fact and Conclusions of Law, the Court finds that defendants' discriminated against plaintiff in violation of the Unruh Act by failing in November 2013 to adequately provide accessible parking marked for the disabled.

---

[1] The minimum amount of statutory damages is lower where defendant demonstrates that they fall within one of several categories. See e.g. Cal. Civ. Code § 55.56(g)(2) ($2,000 per occasion if defendant has 25 or fewer employees, earns less than $3,500,000, and corrected all violations within 30 days of being served with the complaint). However, defendants did not prove that they fell within any of these exceptions to the presumptive minimum of $4,000.

Defendants are liable to plaintiff in the amount of $4,000 plus reasonable attorney's fees that have yet to be determined by the Court.

No later than **May 19, 2017**, plaintiff shall file a brief regarding plaintiff's attorneys' fees. Said brief (or accompanying declaration) shall set forth, at a minimum, the number of hours reasonably expended by counsel, a general description of how those hours were expended and by whom, and counsel's associated hourly fees and qualifications. Defendants shall file any opposition or challenge to the amount of fees requested by plaintiff no later than **June 2, 2017**. Thereafter the matter will stand submitted.

**IT IS SO ORDERED.**

DATED: May 5, 2017

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE