**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (Filed May 19, 2017, Dkt. 62)

## I. PROCEDURAL HISTORY

On September 29, 2015, plaintiff Samuel Love filed a complaint against Jesus Garcia, Faviola I. Garcia, and Does 1–10 (collectively "defendants") asserting claims for violations of (1) the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. §§ 12101 et seq. and (2) California's Unruh Civil Rights Act ("Unruh Act"), pursuant to California Civil Code §§ 51 et seq. Dkt. 1 ("Compl."). The gravamen of plaintiff's complaint was that he visited defendants' store *twice*, once in November 2013 and once in September 2015, and that each time he was either deterred or unable to visit defendants' business because of accessibility barriers he encountered in the parking lot. The alleged ADA violation was different during each visit. Plaintiff alleged that, in November 2013, the parking lot was devoid of any markings or parking space lines and that, during his November 2013 visit, he drove away because he could not find a marked, dedicated place for disabled patrons to park. Plaintiff further alleged that, in September 2015, there *was* a marked parking space at defendants' business for someone who was disabled, but it was sloped too steeply for use with a wheelchair and caused his wheelchair to roll away while he exited his vehicle.

On September 26, 2016, the Court granted defendants' motion for summary judgment with respect to plaintiff's ADA claim because defendants presented undisputed evidence demonstrating that, no later than December 19, 2015, their parking facilities were in compliance with the ADA. Dkt. 34. The Court decided to exercise its supplemental jurisdiction over plaintiff's remaining Unruh Act claim. Id. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

On January 13, 2017, plaintiff filed a motion for summary judgment with respect to his Unruh Act claim. Dkt. 37-1. On February 7, 2017, the Court denied plaintiff's motion for summary judgment. Dkt. 41

On April 4, 2017, the case proceeded to a bench trial. At the outset of trial, plaintiff elected not to pursue his claim based upon his alleged September 2015 visit to defendants' business. Instead plaintiff sought to prove *only* that in November 2013, defendants' business was not ADA-compliant because it lacked any marked parking space for disabled patrons. Plaintiff was the only witness who testified in support of plaintiff's case. One of the defendants, J. Garcia, testified for the defense, as did a certified access specialist, Jason James.[1]

On May 5, 2017, the Court issued its findings of fact and conclusions of law. Dkt. 61. The Court found that plaintiff had faced disability discrimination in violation of the Unruh Act in November 2013 because of defendants' unmarked parking lot. Id. The Court found defendants liable to plaintiff for $4,000 in statutory damages plus reasonable attorneys' fees. The Court ordered that:

> No later than **May 19, 2017**, plaintiff shall file a brief regarding plaintiff's attorneys' fees. Said brief (or accompanying declaration) shall set forth, at a minimum, the number of hours reasonably expended by counsel, a general description of how those hours were expended and by whom, and counsel's associated hourly fees and qualifications. Defendants shall file any opposition or challenge to the amount of fees requested by plaintiff no later than **June 2, 2017**. *Thereafter the matter will stand submitted*.

Id. (italics added).

On May 19, 2017, plaintiff filed the instant motion for attorneys' fees. Dkt. 62. Plaintiff's motion was noticed, in error, for a hearing on July 10, 2017, at

---

[1] Most of defendants' evidence was rendered irrelevant by plaintiff's decision not to attempt to prove his claim relating to a September 2015 visit to defendants' store.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

10:00 a.m.. On June 2, 2017, defendants filed an opposition. Dkt. 64 ("Opp'n"). On June 26, 2017, plaintiff filed a reply. Dkt. 65.[2]

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

### III. DISCUSSION

Plaintiff requests $46,698.54 in attorneys' fees and costs. The Unruh Act provides that reasonable attorneys' fees be awarded to a prevailing plaintiff. Cal. Civ. Code § 52(a). Here, plaintiff obtained an enforceable judgment for damages resulting from his Unruh Act claim. Accordingly, plaintiff is a prevailing party and entitled to reasonable attorneys' fees despite having failed to prove all of his claims. See Farrar v. Hobby, 506 U.S. 103, 112 (1992) ("a plaintiff who wins nominal damages is a prevailing party"); Martinez v. Longs Drugs Store, Inc., 2005 U.S. Dist. LEXIS 30226 (E.D. Cal. 2005) (plaintiff is prevailing party despite grant of summary judgment to defendant regarding most alleged regulatory violations).[3] Thus, the only dispute presented by the instant motion is whether the fees plaintiff has requested are reasonable. Both the California Supreme Court and the Ninth Circuit apply the "lodestar" method for calculating

---

[2] The Court's May 5, 2017 order provided that the instant matter would "stand submitted" without reference to oral argument or a reply brief. The Court finds the foregoing matters appropriate for decision without oral argument. **Error! Main Document Only.**Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the Court hereby vacates the July 10, 2017 hearing on this matter.

[3] To the extent that defendants imply that plaintiff should have accepted various settlement offers and is therefore not entitled to fees, the Court rejects defendants' contention. The Court has reviewed the evidence relating to settlement offers in this case. Rather than describe the numerous offers made by one party to the other – none of which were accepted – the Court observes most importantly that on December 16, 2015, plaintiff offered to settle this matter for the minimum statutory penalty and reasonable attorneys' fees. Dkt. 62-4. That offer remained open throughout this litigation and was never accepted by defendants. It is also exactly what plaintiff obtained at trial – although both sides had, by then, incurred substantially greater costs. In light of the foregoing, plaintiff is a prevailing party and entitled to reasonable attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

reasonable attorneys' fees, designed to determine the "basic fee for comparable legal services in the community." Ketchum v. Moss, 24 Cal.4th 1122, 1132 (2001); see Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir.2008). The "'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho, 523 F.3d at 978 (internal quotation marks and citation omitted). The party seeking attorneys' fees must submit evidence supporting the number of hours worked, and the district court should exclude "hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir.2000) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." PLCM Grp. v. Drexler, 22 Cal. 4th 1084, 1095 (2000), as modified (June 2, 2000) (quotation marks and citations omitted). What constitutes reasonable attorneys' fees is committed to the Court's discretion. Id. at 1096. Relevant considerations include the nature of the litigation, the difficulty of the case, the skill required in its handling, the skill employed, the attention given by counsel, and the prevailing party's relative success. Id.

The Court will first address the reasonableness of counsel's hourly rates. Plaintiff has submitted documentation demonstrating that eight attorneys worked on this case. The attorneys' hourly rates range from $250/hour to $650/hour. Defendants argue that James Boyd's $650/hour fee is unreasonable. The Court agrees. The only evidence presented by plaintiff to place Boyd's hourly fee in context is that he has handled numerous trials, including 22 ADA trials and has worked in the field of ADA litigation for "more than a decade." See Dkt. 62-2 ¶ 7. The foregoing information does little to place Boyd's rate in the context of prevailing market rates for those with comparable experience – nor does plaintiff aver that Boyd has been awarded this rate in other ADA cases. Plaintiff asserts that Boyd "is a trial guy," but this trial was strikingly simple. Boyd put on a single witness, the plaintiff, to testify to a handful of important facts relating to plaintiff's visit to defendants' store in November 2013. Plaintiff's brief testimony was essentially uncontested. Having observed the trial and counsel and evaluated the skill necessary to handle this case, the Court finds Boyd's hourly fee unreasonable. The Court has previously granted fees to several of the attorneys who worked on this case for fees ranging from $250 to $425. See Lopez v. Gordon, Case No. 14-cv-07791-CAS, 2016 WL 6998563 (C.D. Cal. Nov. 28, 2016). The Court concludes that $425 per hour, the rate of the next highest paid attorneys on this case, is a reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

hourly rate for Boyd's conduct of the trial in this matter.[4] The remainder of the attorneys' hourly rates in this matter appear to be reasonable and defendants do not challenge them here.

Determining the "number of hours reasonably expended" on this litigation is complicated by several considerations. Although styled as a single claim, plaintiff alleged *two* violations of the Unruh Act – one in 2013 (the "2013 Claim") and one in 2015 (the "2015 Claim") – based upon very different facts. The 2013 Claim was predicated upon plaintiff's brief visit to defendants' parking lot wherein he was deterred from visiting defendants' store because there were no parking space markings whatsoever. The 2015 Claim was predicated upon plaintiff's alleged visit to defendants' store in September 2015, his attempt to park in a marked spot in front of the store, and the way in which the slope of the handicapped spot prevented him from being able to use his wheelchair. The 2015 Claim involved more complex facts, the parties disputed those facts, and it absorbed more of the parties' time and energy throughout this litigation. However, plaintiff abandoned the 2015 Claim at trial. Additionally, plaintiff has always acknowledged that defendants painted their parking lot to include a dedicated handicapped parking space sometime between his 2013 and 2015 visits. See Compl. ¶ 14. When plaintiff allegedly visited in September 2015, plaintiff would not have encountered the same obstacles he encountered in November 2013 – a dedicated handicapped parking space existed during plaintiff's second visit. Thus, plaintiff's ADA claim for injunctive relief was predicated solely upon the slope of defendants' handicapped parking spot and plaintiff's 2015 visit. The Court granted defendants' motion for summary judgment on the ADA claim because the undisputed evidence showed that defendants' parking facilities were ADA-compliant. Additionally, there was evidence that defendants were already in the process of modifying their parking lot when plaintiff's case was filed – so it is not as though this case caused defendants' behavior to change. See Dkt. 30, Declaration of Jason James ¶¶ 2-5.

---

[4] The Court's ruling in regard to Boyd's hourly rate is reinforced by Mark Potter's declaration wherein he explains that he has litigated over 2,000 disability cases and has "almost unparalleled" experience with ADA cases in California. Potter Decl. ¶ 5. Notwithstanding his extensive experience in this specialized field, Potter's hourly rate is $425 per hour. It is unclear why Boyd's rate should be more than 50% higher than one of the most experienced litigators in this context.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

Where a plaintiff obtains only partial success, the Court must "ask[] whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims." Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986). "[T]here is no certain method of determining when claims are 'related' or 'unrelated.'" Hensley, 461 U.S. at 437 n. 12. Where separate ADA violations are alleged and would require separate evidence, courts routinely treat them as unrelated claims. See e.g. Martinez, 2005 U.S. Dist. LEXIS 30226 at *8-9 (treating each of 21 different alleged barriers to access as unrelated claims and collecting other similar cases). Here, the Court concludes that the claim upon which plaintiff prevailed, his claim that he faced disability discrimination in November 2013, was not related to plaintiff's claim that defendants lacked a properly sloped handicapped space in September 2015. Plaintiff's first visit and second alleged visit to defendants' store do not arise out of a common core of facts – defendants' parking lot had been changed substantially between 2013 and 2015 – and the regulations at issue as well as the necessary investigation did not overlap. The two incidents were also separated by nearly two years. Accordingly, plaintiff is not entitled to fees incurred pursuing the 2015 Claim.

Plaintiff has submitted an itemized set of billing records from the eight attorneys who worked on this case. Having examined plaintiff's submission, it is clear that many of the hours expended by plaintiff's counsel were exclusively on plaintiff's claims relating to the slope of defendants' parking lot. Several items billed relate to a site inspection in 2016, by which time plaintiff acknowledges conditions had changed from November 2013; various experts, none of whom testified or investigated conditions in November 2013; and defendants' summary judgment motion regarding the 2015 Claim.[5] The following items appear to have been exclusively related to work on the 2015 Claim, which plaintiff elected not to prove at trial:

---

[5] Notably, plaintiff's counsel appears to have reviewed defendants' evidence of compliance with the ADA as early as March 17, 2016. Defendants' evidence of ADA compliance was later submitted in support of their motion for summary judgment regarding plaintiff's ADA claim. Defendants' evidence was uncontested by plaintiff. Nonetheless, despite having reviewed defendants' undisputed evidence of ADA compliance several months earlier, plaintiff opposed the motion for summary judgment without submitting any evidence demonstrating a material issue of disputed fact.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| | | | |
|---|---|---|---|
| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

| Date | Attorney | Hours Worked | Amount Billed |
|---|---|---|---|
| 2/2/2016 | Mark Potter | .2 | $85 |
| 2/17/2016 | Mark Potter | .2 | $85 |
| 2/23/2016 | Mark Potter | .2 | $85 |
| 3/17/2016 | Mark Potter | .2 | $85 |
| 7/25/2016 | Mark Potter | 1.3 | $552.5 |
| 8/9/2016 | Mark Potter | .9 | $382.5 |
| 8/22/2016 | Mark Potter | 1 | $425 |
| 8/22/2016 | Mark Potter | .1 | $42.5 |
| 9/27/2016 | Mark Potter | .2 | $85 |
| 2/28/2017 | Mark Potter | .2 | $85 |
| 3/16/2017 | Chris Carson | .1 | $25 |
| 3/28/2017 | Chris Carson | .2 | $50 |
| 4/3/2017 | Chris Carson | .2 | $50 |
| 9/26/2016 | Dennis Price | $6^6$ | $1500 |
| 6/29/2016 | Sara Gunderson | .7 | $175 |
| 6/29/2016 | Phyl Grace | 1 | $350 |
| 2/2/2016 | Isabel Masanque | .6 | $150 |
| 7/6/2016 | Isabel Masanque | .2 | $50 |
| 7/8/2016 | Isabel Masanque | .2 | $50 |

---

[6] The description of these six hours states:

prepared for, travelled to, and appeared at hearing of defendant's motion of summary Judgment; discussed settlement with defendant and did meet and confer with defendant re plaintiff's MSJ; notes to file.

In addition to being related to a claim upon which plaintiff did not prevail, the Court highlights them here because they appear to be inflated. The entire hearing on defendants' motion for summary judgment lasted less than ten minutes. See Dkt. 39-10 (the hearing transcript). The Court distributed a tentative order granting defendants' motion. Plaintiff submitted on the tentative without argument. Plaintiff's motion for partial summary judgment was not filed until January 2017, nearly four months later.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

| | | | |
|---|---|---|---|
| 7/12/2016 | Isabel Masanque | .2 | $50 |
| 7/13/2016 | Isabel Masanque | .3 | $75 |
| 8/23/2016 | Isabel Masanque | .2 | $50 |
| 8/31/2016 | Isabel Masanque | .2 | $50 |
| 9/26/2016 | Isabel Masanque | .4 | $100 |
| 11/15/2016 | Isabel Masanque | .2 | $50 |
| 11/20/2016 | Isabel Masanque | 1 | $250 |
| 11/27/2016 | Isabel Masanque | .3 | $75 |

Because the foregoing items related exclusively to plaintiff's 2015 Claim, which plaintiff did not prove and which had no effect upon defendants' compliance with the ADA, the foregoing hours were not reasonably expended and are not recoverable here. Plaintiff has also submitted invoices from Paul L. Bishop, who appears to have been retained as a site inspector and compliance expert. Because Bishop investigated only the 2015 Claim and plaintiff chose not to rely upon his work or testimony at trial, Bishop's fees in the amount of $2,946.04 were not reasonably expended.

The Court next evaluates whether any of the hours billed appear to be excessive. As an initial matter, "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." Davis v. City & Cty. of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992), opinion vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Two items billed by Mark Potter fall into this category – they would more appropriately have been performed by a non-lawyer. On November 15, 2013, Potter billed 2.1 hours during which he drove to and examined the site of defendants' store to "conduct an assessment of the allegations" then emailed an investigator about photos and measurements he should take. At that time, plaintiff's only claim was that he had driven into the parking lot of defendants' business, drove past it seeing that there were no marked parking spaces, and left without attempting to park. In that context, it was unreasonable for Potter to bill a site visit only so that he could instruct an investigator to go back and take pictures, presumably of the unmarked parking area of the corner convenience store.[7]

---

[7] The investigator has since filed a declaration containing pictures he took during a January 4, 2014 inspection of the parking lot. The pictures depict a concrete area with no lines drawn for parking. Dkts. 37-7, 37-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

Additionally, on August 25, 2015, Potter billed 2.2 hours for, "public records research to determine the identity of the responsible parties and to determine If there had been alterations or modifications that would have triggered stricter Title 24 obligations for this property. . . ." The foregoing hours were not reasonably expended upon plaintiff's 2013 Claim. A basic public records search to identify the owner of the Property is not the type of legal work that should be billed by an attorney at $425 per hour. Additionally, the legal work performed during these hours appears to have been unrelated to the 2013 Claim.[8] Accordingly, these hours were not reasonable expended and plaintiff is not entitled to recover these fees.

---

[8] In the reply brief, plaintiff argues that these hours were properly billed by an attorney because several interrelated regulations and statutes dictate the application of Title 24 accessibility requirements; however, none of those laws appear to be implicated by the 2013 Claim. The 2013 Claim related only to the requirement of marked parking spaces. The ADA requires that barriers to access be removed when they are, at least, "readily achievable." In light of plaintiff's counsel's specialization in disability discrimination, counsel was likely aware that the governing regulations explicitly list creating an accessible parking space as an *example* of a readily achievable modification and parking areas are, under the regulations, a number one priority for businesses. 28 C.F.R. § 36.304. Thus, intervening modifications and changes to the property are irrelevant to whether and when defendants were obligated to paint their parking lot with a designated spot for the disabled. No one in this litigation has ever asserted that marking parking spaces was not readily achievable, nor was plaintiff required to show that building renovations or modifications triggered a duty to paint parking spaces.

The timing of these hours is odd – nearly two years after plaintiff's 2013 visit and *before* plaintiff's alleged September 2015 visit. Insofar as counsel appears to have been researching legal issues unrelated to plaintiff's 2013 Claim, counsel may have been preparing for plaintiff's alleged September 2015 visit. Because plaintiff did not prevail on the 2015 Claim, the Court need not evaluate whether legal research performed *before* a client visits a business and encounters any discrimination could be reasonable – here these hours are not recoverable because they were spent researching issues unrelated to the claim upon which plaintiff prevailed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

The following items appear to have taken an unreasonable amount of time for the described task or appear to represent duplicative or repeated work and the Court hereby reduces the hours billed as follows:

| Date | Attorney | Task Description | Hours Billed | Hours Disallowed |
|---|---|---|---|---|
| 2/23/2016 | Mark Potter | instructed assistant to communicate with mediator and defendants re scheduling mediation conference | .2 | .1 |
| 3/24/2016 | Mark Potter | instructed staff to send reminder to client re mediation | .1 | .1 |
| 6/24/2016 | Mark Potter | reviewed scheduling order and instructed staff to notify client re trial date | .2 | .1 |
| TBD | Mark Potter | Time to review opposition, draft a reply brief, attend oral argument | 10 | 9[9] |
| 12/28/2015 | Phyl Grace[10] | instructed assistant to contact defendants re scheduling rule 26 | .2 | .1 |

---

[9] As the Court noted supra note two, the Court ordered plaintiff to file a motion for attorneys' fees, set a schedule whereby defendants could file any opposition, and ordered that the matter would stand submitted thereafter. Accordingly, plaintiff should not recover fees relating to a hearing on this matter and the hearing scheduled by plaintiff is vacated. The Court's order did not explicitly disapprove of plaintiff's filing a reply brief. Accordingly, the Court finds that one hour writing plaintiff's brief reply memorandum was reasonably expended in light of counsel's specialization in this area and the narrow issues presented by defendants' opposition.

[10] Defendants oppose numerous items billed by Grace relating to calls made to defendants. For example, on November 20, 2015, Grace billed .5 hours for "phone conference with defendant re case, settlement, etc.; Notes to file." Defendants state in their opposition that "no single conversation [with Grace] lasted more than 5 to 10 minutes . . . ." Opp'n at 5. However, once the fee applicant has submitted evidence of hours worked, "[t]he party opposing the fee application has a burden of rebuttal that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

| | | | | |
|---|---|---|---|---|
| | | conference | | |
| 12/29/2015 | Phyl Grace | instructed assistant to contact defendants re their request for an in-person rule 26 conference | .2 | .1 |
| 12/30/2015 | Phyl Grace | provided further instructions to assistant re defs' request for in-person rule 26 conference and to schedule a telephonic rule 26 conference with defendants | .2 | .2 |
| 1/4/2016 | Phyl Grace | instructed assistant to follow up with defendants and schedule rule 26 conference | .2 | .2 |
| 2/17/2017 | Phyl Grace | phone call with court clerk re case status; updated case notes | .2 | .1 |

Having disallowed hours expended exclusively upon plaintiff's 2015 Claim and those that appear to have been spent on administrative or duplicative tasks, the Court calculates the lodestar as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Potter | 13.9 | $425 | $5,907.5 |
| Ballister | 11.1 | $425 | $4,717.5 |
| Boyd | 13 | $425 | $5,525 |
| Grace | 6.2 | $350 | $2,170 |
| Carson | 12.9 | $250 | $3,225 |
| Price | 15.3 | $250 | $3,825 |
| Gunderson | 4.1 | $250 | $1,025 |
| Masanque | 10.3 | $250 | $2,575 |

*requires submission of evidence* to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (emphasis added). Here, defendants have failed to file any affidavit setting forth a basis for doubting Grace's billing for phone calls and have therefore failed to meet their burden of supporting their opposition to disputed items with evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

| | Lodestar | $28,970 |
|---|---|---|

Having calculated the lodestar, the Court now turns to determine whether further reduction or increase in the amount of fees is appropriate base upon:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, . . . [6] time limitations imposed by the client or the circumstances, [7] the amount involved and the results obtained, [8] the experience, reputation, and ability of the attorneys, [9] the 'undesirability' of the case, [10] the nature and length of the professional relationship with the client, and [11] awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

As described above, this case involved two similar, but factually distinct incidents of discrimination and different barriers to access at different times. With only a couple of exceptions, virtually all of the hours billed by plaintiff's counsel related to the discrimination allegedly experienced by plaintiff in *both* September 2015 and November 2013. Because of how plaintiff's counsel tracked hours, it is not possible to further disentangle time spent on the 2013 Claim and the 2015 Claim. However, prevailing parties are not "view[ed] with sympathy" where they "were only partially successful [and] counsel's records do not provide a proper basis for determining how much time was spent on particular claims." Hensley, 461 U.S. at 437 n. 12 (quoting Nadeau v. Helgemoe, 581 F.2d 275, 279 (1st Cit. 1978)).

Most of the parties' factual disputes here related to the alleged discrimination in September 2015. Plaintiff claims that in September 2015, he parked in defendants' designated parking spot, but learned that the parking spot had an excessive slope because his wheelchair began rolling away from him while he attempted to exit his vehicle. Dkt. 37-5, Declaration of Samuel Love ¶ 11. Defendants contested whether plaintiff actually visited their property in September 2015. See Dkt. 39-4. Defendants further argued that the slope in their parking lot was repaired soon after this litigation began and for reasons unrelated to this case. By all accounts, as of September 2015, defendants had a marked parking space for those with disabilities in front of the main entrance to their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' |
| Case No. | 5:15-cv-02004-CAS (SPx) | Date | July 7, 2017 |
| Title | SAMUEL LOVE V. JESUS GARCIA ET AL. | | |

store. Although plaintiff prevailed in his claim for statutory damages resulting from a brief attempted visit to defendants' store in November 2013, plaintiff's success was limited. Plaintiff did not cause defendants to bring their parking lot into compliance with the ADA and, by the time this action was filed, the barrier encountered by plaintiff in November 2013 had already been eliminated. The Court finds that the time involved, the simplicity of the claim upon which plaintiff prevailed, the requisite skill necessary to prevail, the amount involved, and the result obtained all militate in favor of a substantial reduction in the lodestar. In light of the foregoing considerations, the Court finds a 75% reduction of the lodestar amount to $7,242.50 is appropriate.

With the exception of the costs incurred hiring Bishop for potential expert testimony, the Court accepts plaintiff's representations regarding $820 in additional costs.

## IV. CONCLUSION

The Court **GRANTS** plaintiff's motion for attorneys' fees and costs. The Court awards $7,242.50 in fees and $820 in costs.

IT IS SO ORDERED.

| | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |